IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON HARPER )
) No. 17-1682
v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for social security disability and supplemental security income benefits. His application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.  STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.     THE PARTIES' MOTIONS

First, Plaintiff challenges the ALJ's reliance on the VE's testimony regarding three jobs that Plaintiff could perform, that exist in the economy. He argues that "surveillance system monitor" is inconsistent with the residual functional capacity ("RFC"); that "addresser" is potentially obsolete, and no longer exists in the numbers to which the VE testified, and also that this job is inconsistent with vision-related limitations that the ALJ should have included in the RFC; and that "assembler" exists in insufficient numbers to support the ALJ's finding.

Plaintiff asserts that the position of surveillance system monitor, as defined in DOT Code 379.367-010, requires "frequent" talking. The RFC limited Plaintiff to no work-related contact with the public, and only occasional/superficial interaction with co-workers. Importantly, the VE here indicated that his analysis was, in fact, consistent with the RFC's limitations. He testified, in pertinent part, as follows:

> [S]urveillance system monitor…I'm going to limit the video monitoring only. This job has significantly evolved since -- the DOT was written in 1986 for this one. The industry reports these jobs are current video monitoring as well as central alarm monitoring. But I'm going to limit to video monitoring only for the interaction limitation.

Even if the VE had not qualified his testimony in this manner, frequent talking does not necessarily equate to contact with the public or more than occasional, superficial interaction with co-workers. Other cases have indicated that surveillance systems monitor requires no interaction with the public. See, e.g., Dyer v. Comm'r of Soc. Sec., No. 14-454, 2015 U.S. Dist. LEXIS 88226, at *10 (S.D. Ohio July 7, 2015); Alcott v. Colvin, No. 13-01074, 2014 U.S. Dist. LEXIS 130176, at *24 (W.D. Mo. Sep. 17, 2014). Similarly, courts have rejected the notion that surveillance system monitor conflicts with a limitation to occasional, superficial interaction with co-workers. Neeley v. Berryhill, No. 16-00180, 2017 U.S. Dist. LEXIS 136477, at *24 (D. Del. Aug. 25, 2017).

Because Plaintiff's argument regarding the position of surveillance system monitor is unavailing, it is unnecessary to address his remaining contentions. The VE, taking into account Plaintiff's interactive limitations, testified that there are 161,000 surveillance system monitor positions. Plaintiff does not assert that this number alone is insufficient to support a finding that work exists in sufficient numbers; if he did so, I would reject that assertion. See, e.g., Brininger v. Berryhill, No. 16-00903, 2017 U.S. Dist. LEXIS 135146, at *40 (M.D. Pa. Aug. 7, 2017) (finding VE testimony that 74,470 surveillance monitor jobs existed nationally was sufficient; citing supporting caselaw). Thus, even if I were to discount the jobs of addresser and assembler, the outcome of the ALJ's decision would remain unchanged. The ALJ's decision was properly supported, and remand is not warranted.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, United States District Court

Dated: February 15, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON HARPER            )
                          ) No. 17-1682
    v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY

**ORDER**

AND NOW, this 15th day of February, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, United States District Court